UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN W. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-3283-MMM |
| | ) |
| SEAN MARTIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se* and currently incarcerated at the Big Muddy Correctional Center, pursues a § 1983 action alleging failure to protect and deliberate indifference to his serious medical needs at the Graham Correctional Center ("Graham"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on September 7, 2020, he was sexually assaulted by two inmates in the 2S Housing Unit. Plaintiff did not report the assault until September 9, 2020, however, as he feared retribution from staff members, not explaining why staff would retaliate for Plaintiff reporting an attack. Plaintiff reported the incident to Defendant Mayfield and was taken to the

hospital. When Plaintiff returned, he was placed on suicide watch. When he questioned why this was being done, he was told that it was because he cried while giving a statement regarding the sexual assault. While on suicide watch, Plaintiff was allegedly taunted by Defendant Officer Martin due to Plaintiff's conviction on a sex case, apparently involving children.

      Plaintiff alleges further misconduct by Defendant Martin, that he encouraged "people" to beat up Plaintiff, but does not allege that this was actually done. In addition, on September 21, 2020, Defendant Martin was passing out lunch trays and dropped a tray on the floor. He allegedly told an inmate porter to pick it up and give it to "that homo in 38 cell," apparently referring to Plaintiff. The porter reported this to another officer and Plaintiff was spared from having to eat food which had fallen on the floor.

      While Plaintiff claims that staff has harassed him , the only clear harassment he alleges was at the hands of Defendant Martin. Plaintiff reveals that he had filed many grievances, including some against Defendant Martin, he does not claim that any Defendant's action was in retaliation for those filings. Plaintiff also alleges a failure to protect as the staff did not routinely lock doors and, during dayroom, let out people who were not supposed to be let out. Plaintiff does not assert, however, that he was attacked during dayroom hours or otherwise plead that he was attacked by people who had been "let out."

      Plaintiff claims that he has suffered nightmares and sleeping difficulty since the attack. He has asked to be seen by a therapist but has not been seen. Plaintiff does not indicate, however, to whom he made this request. Plaintiff requests compensatory damages and an investigation of staff misconduct. He asks further, that staff members be fired and not allowed to work in IDOC again.

## ANALYSIS

To be liable for failure to protect, a Defendant must have had "actual knowledge of impending harm" and of a "specific threat to [plaintiff's] safety." *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991). In addition, Defendants' response to the threat must have been so inadequate as to amount to "a reckless disregard for the risk and 'effectively condone[s] the attack.'" *Id.* (internal citation omitted) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010)). Here, Plaintiff does not identify those individual staff members whom he holds liable for the conditions which led to the attack. Furthermore, he does not indicate that he had forewarning that he would be harmed and told any Defendant of the likelihood. As a result, there are no facts to support that any Defendant was aware of the risk, had an opportunity to prevent it, and recklessly disregarded it.

Plaintiff also asserts a deliberate indifference claim, that unnamed staff failed to provide him mental health counseling. "Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008). Plaintiff does not, however, identify any individual to whom he made the request or plead that any were aware of his serious medical need and acted with a sufficiently culpable state of mind. *See id*. at 509. Plaintiff will be given an opportunity, however, to replead.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. Plaintiff files [4] a motion for recruitment of *pro bono* counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [4] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

3. Plaintiff files [8], requesting that the court waive the filing fee. The Court, however, does not have the authority to do this. *See Butler v. Deal*, 749 Fed.Appx. 542, 543 (7th Cir. 2020) citing *Maus v. Baker*, 729 F.3d 708, 709 (7th Cir. 2013) as holding that §1915(b)(1) "forbids outright forgiveness of the obligation to pay the filing fee." [8] is DENIED.

4. Plaintiff files [9], wishing to add "new evidence," that Internal Affairs allegedly asked him to submit to a Voice Stress Analyzer. This is not the time for evidence. Plaintiff may include this claim in the event that he files an amended complaint.

5. Plaintiff files [10], a letter requesting the status of this case. That request is rendered MOOT by this order. Plaintiff is placed on notice, however, that in the event he seeks relief of this Court, he is to file it in the form of a motion not a letter.

  2/25/2021                                             s/Michael M. Mihm
ENTERED                                            MICHAEL M. MIHM
                                                                 UNITED STATES DISTRICT JUDGE